UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 4:15 MJ 61 DDN |
| DAVID MICHAEL HAGLER, | ) |
| | ) |
| Defendant.. | ) |

**FINDING OF PROBABLE CAUSE**

**AND**

**DETENTION ORDER**

This action came before the court on March 30, 2015 for a preliminary examination and a detention hearing under the Bail Reform Act of 1984, 18 U.S.C. § 3142.  (Doc. 4.)

Defendant David Michael Hagler is charged by complaint, filed on March 24, 2015, with the unlawful possession of firearms and ammunition.

At the hearing, defendant waived his right to a preliminary examination on the complaint. Upon the written, sworn complaint, the court finds probable cause to believe defendant committed the offenses charged in the complaint.   The action is continued for further proceedings before the grand jury.   The court set April 17, 2015 at 2:00 p.m. for a status hearing.

At the detention hearing, the parties did not dispute the facts described in the pretrial services report, dated March 30, 2015.  (Doc. 10.)   Therefore, the court adopts and incorporates by reference into this detention order the facts set forth in the report.   The parties also referred the court to the affidavits filed in support of the complaint and in support of the related search warrants.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003)(quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

From the pretrial services report, the affidavits filed in this matter, and the statements of counsel at the hearing, the court finds and concludes by clear and convincing evidence that the release of defendant David Michael Hagler upon his own recognizance, an unsecured appearance bond, or any condition or combination of conditions of release will not reasonably assure the court that he will not endanger the community if released. 18 U.S.C. § 3142(b), (c). Defendant has no close family tie to this district. He has previously been arrested as a fugitive in this district. He has a history of escaping from custody and had a handcuff key on his key ring when arrested in this matter. The complaint contained substantial allegations that he illegally possessed firearms and ammunition unlawfully.

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States to detain defendant David Michael Hagler (Doc. 4) is sustained. Defendant is committed to the custody of the Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel and with defense counsel's retained investigator, paralegal, or other retained expert consultant.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    /S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 2, 2015.