UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:15CR00163 RWS/NCC |
| v. ) | |
| ) | |
| DAVID MICHAEL HAGLER, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO RECONSIDER ORDER FOR DETENTION
AND REQUEST FOR HEARING IN SUPPORT THEREOF**

Comes now Defendant, by and through counsel, and hereby respectfully requests this Honorable Court to reconsider its Finding of Probable Cause and Detention Order previously entered on April 2, 2015. Additionally, Defendant is requesting a full detention hearing on this matter. In support of these requests, Defendant states as follows:

1.  Defendant was charged by a criminal complaint filed on March 24, 2015 with the following listed charges: 26:5861C.F, POSSESSION OF AN UNREGISTERED "SHORT-BARRELED" SHOTGUN AND UNREGISTERED MACHINEGUN; 18:922G.F, POSSESSION OF FIREARMS AND AMMUNITION BY AN UNLAWFUL USER OF CONTROLLED SUBSTANCES; 18:922G.F, POSSESSION OF FIREARMS AND AMMUNITION BY PERSON CONVICTED OF MISDEMEANOR CRIME OF ASSAULT WITHIN DEFINITION OF A CRIME OF DOMESTIC VIOLENCE; 18:922K.F, POSSESSION OF FIREARM WITH SERIAL NUMBER REMOVED, OBLITERED OR ALTERED. The Court issued an arrest warrant for Defendant along with the granting of search warrants for Defendant's residences.

2.      There is no dispute that the primary basis of the information leading to the issuance of these warrants was based upon statements made to law enforcement by two confidential informants. These informants made numerous allegations and claims as to the "dangerousness" of Defendant, which will be addressed in this document.

3.      Then, on March 25, 2015, Defendant was taken into custody by law enforcement without incident. At the time of Defendant's arrest he did not have any weapons on him nor was he uncooperative with the law enforcement agents; however, he did ultimately invoke his constitutional privilege against self-incrimination.

4.      Upon his arrest, Defendant appeared in front of this Court for an Initial Appearance. A Bail Report was compiled by the Pre-Trial Services Office, which was then provided to this Court to aid in its determination as to whether Defendant was to be detained during the pendency of this case or released on some sort of bond. A seven-minute "detention hearing" was held on March 30, 2015. Then on April 2, 2015, this Court sustained the motion of the United States to detain Defendant during the criminal case. This Court's decision was that no amount of bond and/or any conditions of bond could be established that would ensure Defendant's appearance in court or safety to the community.

5.      The Bail Report in this matter stated that the confidential informants notified the investigating law enforcement agents of the following allegations about Defendant:

      a) Defendant had underground tunnels connecting one of his homes to the other—according to the discovery provided to Counsel this is not true.

      b) Defendant had various booby traps set up in his house and yard and in flower pots by his front door that had trip wires. That some of these booby traps contained tannerite and blasting caps. That Defendant had pipe bombs, either

fully constructed or simply the components together to make said pipe bombs. According to the discovery provided to Counsel not one of these allegations was found to be true.

c) Defendant had guns hidden all throughout his house in secret panels—according to the discovery provided to Counsel this is not true.

d) Defendant had steel plates lining the front walls of his house so that he could be protected if he were to get into a shootout with the police—according to the discovery provided to Counsel this is not true.

e) Defendant was growing marijuana in his basement and he was a habitual drug user—according to the discovery provided to Counsel, law enforcement agents did not find any functional marijuana grow operation in either of his residences nor did they conduct a drug test or any sort of field tests to determine if Defendant was under the influence of drugs when he possessed firearms.

f) Defendant possessed illegal firearms and ammunition, including but not limited to a saw offed shotgun, a machine gun, a firearm that had the serial number altered or obliterated, and armor piercing bullets.  Counsel understands that these are issues that pertain to Defendant's guilt or innocence of the instant charge and other potential charges.  However, this is not a determination that is to be made by this Court as to the issue of bond and Defendant is presumed innocent until proven guilty beyond a reasonable doubt.  Regardless, it is Counsel's understanding that *none* of these items were found in Defendant's possession at the time of his arrest nor is there any proof

other than these confidential informants' statements that these items ever existed or were ever in Defendant's alleged possession.

    g) Defendant wanted to kill police officers at a funeral, shot at a police officer as he was hidden from the side of the road, that he had plans to rob a bank, that he had literature pertaining to the Ku Klux Klan, and that he had had some sort of para-military training in Arkansas-- according to the discovery provided to Counsel, law enforcement agents did not find anything in Defendant's residence that supported these allegations.  These false statements were made by confidential informants that had also provided the police with the information referenced above that was shown to be utterly false.

6. Subsequently, Defendant was indicted on April 8, 2015 with one count of Possession of a Machine Gun in violation of 18 U.S.C. §922(o).

7. Defendant's detention is causing a significant hardship on his ability to care for his property, as Defendant lives in a very crime ridden neighborhood- his continuous absence makes his home susceptible to burglaries and stealing of his property.

8. Defendant is not a flight risk as he has no monetary funds available and owns two properties in the metropolitan St. Louis area.  Although the previous order of this Court states that Defendant has no close family ties to this district, the fact is that he does have other family members who live in the St. Louis area.  Additionally, the previous Court order entered in regard to detention states that Defendant has "a history of escaping from custody"; however, there is nothing provided in the discovery that supports that claim other than outlandish statements from the confidential informants referenced above that Defendant allegedly practices swallowing handcuff keys so that he can regurgitate them at a later time.  There is absolutely nothing that supports those claims other

than the seemingly unreliable statements that go hand-in-hand with the allegations made above by the informants.  Defendant was found with a handcuff key on his key chain, but this is not illegal and certainly could not be swallowed on a moment's notice.

      9.      Defendant is not a danger to the community nor is he an anti-government anarchist.  In fact, Defendant was working with Detectives Jason Collin and Sgt Ron Hasty with the St. Louis Metropolitan Police Department's Environmental Investigations Unit (Trash Task Force).  To assist the police in any way whatsoever is not consistent with a person who is "against" the government.  Under Section 563.051, RSMo., a private person is allowed to use reasonable force to effect a citizen's arrest on individuals committing crimes in their presence.  Defendant's assistance with the police also explains why he had two set of handcuffs in his house, which necessitated the need for a key on his keychain.  Defendant was consistently dealing with people illegally dumping trash on his property, which is a Class D Felony.  As stated in the discovery, Defendant's neighbors never saw him with any weapons and never had a problem with Defendant.  Defendant has no holds or warrants for his arrest in any other venues.

      10.      Defendant may have strong personal views and opinions about the government and other controversial social issues; however, this is not illegal and he has certain Constitutional Rights ensuring that he can believe in anything he wants to believe in, as long as he is not seditious- which there is no real evidence to show that he has not been.

      WHEREFORE, for the foregoing reasons, Defendant is respectfully requesting this Court to reconsider its previous order for detention and set this matter for a Detention Hearing forthwith.

      Respectfully submitted,

      FRANK, JUENGEL & RADEFELD,
      ATTORNEYS AT LAW, P.C.

                                                By: */s/ Matthew A. Radefeld*
                                                MATTHEW A. RADEFELD (#52288MO)
                                                Attorneys for Defendant
                                                7710 Carondelet Ave., Suite 350
                                                Clayton, Missouri 63105
                                                (314) 725-7777

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Mr. John Ware
Asst. United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

                                                By: */s/ Matthew A. Radefeld*
                                                MATTHEW A. RADEFELD